UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Nancy Boehme | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Plaintiffs Mohammad Redjai and Shahin Redjai (collectively, "Plaintiffs") filed a Verified Complaint ("Complaint") against Defendants Bank of America, N.A. ("Defendant"); The Bank of New York Mellon; New Penn Financial, LLC; and Old Republic National Title Insurance Co. (Dkt. No. 1.) All Defendants except Bank of America, N.A. have been "dismissed without prejudice." (Dkt. No. 29.)

The Complaint seeks to allege claims for breach of contract, specific performance, and fraud against Defendant.

Before the Court is Defendant's Motion to Dismiss ("Motion"). (Dkt. No. 19.) The Court GRANTS in part and DENIES in part the Motion.

**PRELIMINARY MATTERS**

Defendant filed a Request for Judicial Notice. ("RJN," Dkt. No. 20.) It asks the Court to take judicial notice of a "Joint Stipulation for Dismissal Without Prejudice filed in the United States District Court, Central District of California, Case No. SACV 12-00276 AG (JPRx), Document 40, on December 24, 2012." (*Id.*, at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a *fact* that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Putting aside whether judicial notice under Rule 201 is the right approach here, the Court will consider the document.

## BACKGROUND

The following facts are generally taken from the Complaint. For the purposes of the Motion, the Court assumes facts alleged in the Complaint as true. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Additional facts will be provided in the Analysis Section as necessary.

The essence of Plaintiffs' Complaint concerns actions taken by Defendant regarding loan modification review under the Home Affordable Modification Program ("HAMP"). Plaintiffs "seek damages arising out of [Defendant's] wrongful/fraudulent denial of a loan modification PLAINTIFFS qualified for under [HAMP] and were therefore entitled to have pursuant to a binding agreement." (Dkt. No. 1, ¶ 1.)

In 2006, Plaintiffs mortgaged their home with Pulte Mortgage, LLC. (*Id.*, ¶ 12.) In August 2011, Defendant "caused an Assignment of Deed of Trust to be recorded . . . [that] purportedly assigned all beneficial interest in the [Deed of Trust], together with the Note and obligations therein" to the Bank of New York Mellon. (*Id.*, ¶ 13.) In February 2012, a Notice of Trustee's Sale was recorded on Plaintiffs' property. (*Id.*, ¶ 16.)

Also in February 2012, Plaintiffs, appearing pro se, filed an action against Defendant, SACV 12-00276-AG (JPRx). Motions to dismiss were filed in that prior action. In that action, Defendant also sent a letter to Plaintiffs concerning loan modification. The letter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

"confirm[ed]" Defendant's "willingness to consider a loan modification application" for Plaintiffs' property and included a list of "documents that must be completed [and returned to Defendant] in order for the loan to be assessed for the Making Home Affordable ('MHA') loan modification program, as well as any other discretionary loan modification program offered by" Defendant. (Complaint, Dkt. No. 1, Ex A.) The letter says that the "completion of each item in the enclosed forms and the provision of all materials requested in the MHA document list is <u>critical</u>." (*Id.* (emphasis in original).) The letter also says that "[w]ithout the requested information, [Plaintiffs] cannot be assessed for the MHA program or any other discretionary loan modification program. Please note that your submission of the completed forms and other materials does not guarantee a loan modification." (*Id.*)

Shortly after the letter was sent, the parties filed a stipulation to stay the case while they "enter into meaningful settlement negotiations." (SACV 12-00267-AG (JPRx), Dkt. No. 35.) The action was stayed. (*Id.*, Dkt. Nos. 36, 39.) In December 2012, the parties entered into a another stipulation. (SACV 15-00427-AG (JPR), RJN, Dkt. No. 20, Ex. 1.) According to this later stipulation, the parties wanted to "dismiss the First Amended Complaint without prejudice to allow time for the settlement negotiations and loan modification review to be complete." (*Id.*, ¶ 5.) The stipulation also states that "should the loan modification process result in a modification denial, Defendants agree to wait 30 days after the date of any written denial before initiating any foreclosure related action . . . ." (*Id.*, ¶ 6.) After receiving the stipulation, the Court dismissed the action. (SACV 12-00276-AG (JPRx), Dkt. No. 41.)

Plaintiffs spend part of the Complaint describing MHA and HAMP guidelines and calculations. They allege that "they met all of the eligibility requirements for a HAMP Tier 1 loan modification in . . . July 2013 and at all times relevant to the claims stated in this Complaint." (SACV 15-00427-AG (JPRx), Dkt. No. 1, ¶ 28.) They further allege, based on their description of HAMP, that certain modification terms apply to their mortgage and they "believe . . . , based thereon, . . . that these terms qualified PLAINTIFFS for a HAMP Tier 1 loan modification as a matter of law." (*Id.*, ¶¶ 35-36.) According to Plaintiffs, Defendant "was required to offer PLAINTIFFS a HAMP Tier 1 [Temporary Payment Plan ("TPP")] and, with successful completion of the TPP, a permanent loan modification." (*Id.*, ¶ 45.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

Plaintiffs allege that before filing the stipulation to dismiss, Defendant's attorney at the time "verbally agreed to complete the loan modification process and offer PLAINTIFFS the TPP(s) and loan modification(s) for which they qualified in exchange for PLAINTIFFS providing any information and documents required for [Defendant] to complete the loan modification review and dismissing the Predecessor Action without prejudice ('Agreement')." (*Id.*, ¶ 50.) "In furtherance of their agreement," the parties filed the previously described stipulation to dismiss the action. (*Id.*, ¶ 51.)

Plaintiffs' loan modification application was denied.

## LEGAL STANDARD

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

Claims that "sound" in fraud must meet heightened pleading requirements. Fed. R. Civ. P. 9(b); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017-18 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

2012). A plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 n.7 (9th Cir. 1994) (en banc). In other words, a plaintiff must allege "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)(internal quotation marks omitted). But a defendant's intent or knowledge may be alleged "generally." Fed. R. Civ. P. 9(b); *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1120 (C.D. Cal. 2003)("Generally, courts have found pleadings sufficient if they allege generally that defendants had actual knowledge of a specific primary violation.").

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

**ANALYSIS**

The essence of this action is that Plaintiffs allege that an oral contract exists requiring Defendant to offer Plaintiffs a TPP if they qualify for one. It also requires that Defendant modify Plaintiffs' home loan if they successfully complete whichever TPP they are qualified to receive. The major dispute centers on Plaintiffs' allegations that they did indeed qualify for a TPP yet Defendants denied Plaintiffs' application following a review.

There are three claims that Plaintiffs seek to allege against Defedant. The Court addresses each claim in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

## 1. Breach of Contract

Plaintiffs seek to allege a claim for a breach of an oral contract. The alleged breach is that Defendant "fail[ed] to offer PLAINTIFFS a Tier 1 HAMP TPP and then, with successful completion of the TPP, a permanent loan modification and by failing to act fairly and in good faith in connection with the loan modification review and approval process." (Complaint, Dkt. No. 1, ¶ 69.)

Defendant generally argues that under the statute of frauds, a mortgage agreement secured by a deed of trust must be modified in writing. (Motion, Dkt. No. 19, at 3.) Specifically, it argues that the oral agreement modifies the loan and that it must be in writing. (*Id.*, at 4.) Defendant also argues that "[a]ny agreement by [it] to honor a TPP and accept less than the entire outstanding balance would therefore have the effect of altering [Defendant's] right to enforce the acceleration provision [in the Deed of Trust] and forego its right to foreclose . . . ." (Reply, Dkt. No. 32, at 1.)

"An agreement to modify a contract that is subject to the statue of frauds is also subject to the statute of frauds." *Chavez v. Indymac Mortg. Servs.* 219 Cal. App. 4th 1052, 1057 (2013). "Under California's statue of frauds, a mortgage agreement secured by a deed of trust is invalid unless it is in writing and signed by the party to be charged or by that party's agent." *Id.* (citing Cal. Civ. Code § 1624(a)(6)). "Thus, any modification to a promissory note or deed of trust must be memorialized in a signed writing." *Id.* (citing *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1503 (2013)).

Plaintiffs concede that "any modification to a mortgage loan must also be in a signed writing." (Opp'n, Dkt. No. 31, at 5.) They argue though that the "agreement alleged in the Complaint required [Defendant] to offer Plaintiffs the Temporary Payment Plan(s) and loan modification(s) for which Plaintiffs' qualified. The agreement did not require [Defendant] to modify Plaintiffs' original loan documents and therefore the statute of frauds has no application." (*Id.* (emphasis in original).) The Court does not agree that the statue of frauds is inapplicable here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
| --- | --- | --- | --- |
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

Plaintiffs cannot escape the statute of frauds by arguing and alleging that they did not enter into an oral contract to modify their mortgage. The essence of Plaintiffs' allegations and arguments show the oral contract did just that. The Complaint makes certain conclusions concerning Plaintiffs' entitlement to HAMP benefits. It states that "PLAINTIFFS . . . allege that these terms qualified PLAINTIFFS for a HAMP Tier 1 loan modification as a matter of law." (Complaint, Dkt. No. 1, ¶ 36.) They later allege that Defendant "was required to offer PLAINTIFFS a HAMP Tier 1 TPP and, with successful completion of the TPP, a permanent modification." (*Id.*, ¶ 45.) Because Plaintiffs maintain they are entitled to HAMP benefits as a matter of law, the oral contract required Defendant to provide a TPP and required Defendant to provide a permanent loan modification under their allegations.

Plaintiffs' characterization that the "agreement in the Complaint required [Defendant] to *offer*" a TPP and loan modification, but at the same time "did not require [Defendant] to modify Plaintiffs' original loan" is unconvincing. (Opp'n, Dkt. No. 31, at 5 (first emphasis added).) If Defendant "was required to offer PLAINTIFFS a HAMP Tier 1 TPP and, with successful completion of the TPP, a permanent modification," (Complaint, Dkt. No. 1, ¶ 45), the alleged oral contract would require Defendants to modify the mortgage. Agreements such as the one alleged by Plaintiffs must be in writing.

The statute of frauds prevents Plaintiffs from bringing this claim. The Court GRANTS the Motion and DISMISSES the claim.

Plaintiffs ask in their Opposition for leave to amend "to pled facts demonstrating why the statute of frauds should not bar the alleged claims (i.e., memorandum, performance, and/or estoppel)." (Opp'n, Dkt. No. 31, at 8.) In essence, they ask the Court for leave to plead that exceptions to the statute of frauds apply. The Court gives Plaintiffs leave to amend as requested.

**2. Specific Performance**

Plaintiffs seek to allege a claim for specific performance. They allege that the "specific performance cause of action [is] an alternative remedy to [their] causes of action at law and, for purposes of preserving their right to pursue alternative remedies, allege that they have no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

adequate remedy at law." (Complaint, Dkt. No. 1, ¶ 75.)

As noted, Defendant argues that the oral contract is barred by the statute of frauds. Thus it argues that because there is no valid oral contract, the "specific performance [claim] necessarily fails." (Motion, Dkt. No. 19, at 5.)

The Court agrees. The Court GRANTS the Motion and DISMISSES the claim.

Plaintiffs ask in their Opposition for leave to amend "to pled facts demonstrating why the statute of frauds should not bar the alleged claims (i.e., memorandum, performance, and/or estoppel)." (Opp'n, Dkt. No. 31, at 8.) In essence, they ask the Court for leave to plead that exceptions to the statute of frauds apply. The Court gives Plaintiffs leave to amend as requested.

**3. Fraud**

The entire argument of Defendant's Motion concerning Plaintiff's fraud claim is as follows.

> The elements of a cause of action for intentional misrepresentation (fraud) are (a) misrepresentation; (b) knowledge of falsity; (c) intent to defraud or induce reliance; (d) justifiable reliance; and (e) resulting damage. *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007). Further, fraud must be alleged with particularity, and in cases involving a corporate entity, the particularity requirement is even stricter because the plaintiff must allege the names of the persons who made the allegedly fraudulent misrepresentations, their authority to speak, to whom they spoke, and what they said or wrote, and when it was said or written. *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

> Here, Plaintiffs cannot allege that a misrepresentation was even made because they previously stipulated that only a review of Plaintiffs' loan modification was agreed upon, not an unconditional approval of Plaintiffs for a loan modification. See RJN, Ex. A. Plaintiffs do not allege that they ever challenged Attorney Davis on the fact that a TPP and permanent loan modification were not given after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

receiving notice of the denial. Comp. ¶¶ 56-69. Instead, Plaintiffs were intent on appealing the denial and challenging Plaintiffs' purported qualification for loan modification. Compl. ¶¶ 60-62.

(Motion, Dkt. No. 19, at 5-6.) Defendant does not make any arguments in its Reply concerning the fraud claim.

Defendant has not convinced the Court that Plaintiffs' fraud allegations are insufficient. Plaintiffs allege that "on or about November 30, 2012, [Defendant] represented to PLAINTIFFS that in exchange for PLAINTIFFS providing the information and documents required for [Defendant] to complete the loan modification review and dismissing the Predecessor Action without prejudice [Defendant] would consider PLAINTIFFS' loan modification application, assess PLAINTIFFS for the MHA loan modification programs and offer PLAINTIFFS the TPP(s) and loan modification option(s) for which they qualified." (Complaint, Dkt. No. 1, ¶ 78.) Elsewhere in the Complaint, they allege that Defendant "through Attorney Davis, verbally agreed to complete the loan modification process and offer PLAINTIFFS the TPP(s) and loan modification(s) for which they qualified in exchange for PLAINTIFFS providing any information and documents required for [Defendant] to complete the loan modification review and dismissing the Predecessor Action without prejudice . . . ." (Id., ¶ 50.) Plaintiffs allege who made the representation, when they were made, and how they were made, among other things. The allegations are sufficient to state a claim.

The Court DENIES the Motion as to this claim.

**DISPOSITION**

The Court GRANTS in part and DENIES in part the Motion. As set forth in this Order, the Court gives leave to amend the claims it DISMISSES. If Plaintiffs seek to amend their Complaint, an amended pleading must be filed within 20 days of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-427-AG (JPRx) | Date | August 4, 2015 |
|---|---|---|---|
| Title | MOHAMMAD REDJAI, et al. v. BANK OF AMERICA, N.A., et al. | | |

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

: 0

Initials of
Preparer          nkb